William R. Mitchell (SBN: 101858)
William R. Mitchell, Inc.
2 Park Plaza, Ste. 850
Irvine, CA 92614
Telephone: (714) 313-4426
Facsimile: (949) 398-7300
Email: bill@wrmbizlaw.com

Attorneys for Plaintiff,
ERNEST ESCALANTE

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ESCALANTE,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC., EXPERIAN INFORMATION SOLUTIONS, INC. and JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No. '26 CV 0883 H   MSB<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ERNEST ESCALANTE ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants EQUIFAX, INC. ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), and JPMORGAN CHASE BANK, N.A. ("CHASE") (collectively referred to as "Defendants"):

1

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Nature of the Action**

1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and Cal. Civ. Code § 1785 *et seq.*

**Parties**

2.    Plaintiff is a natural person at all times relevant residing in San Diego County, in the city of Chula Vista, in the State of California.

3.    At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Further, because Plaintiff is a natural person, Plaintiff was a "consumer" as the term is defined by Cal. Civ. Code § 1785.3(b).

5.    Defendant EQUIFAX is a corporation conducting business in the State of California and is headquartered in Atlanta, Georgia.

6.    Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

7.    Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

8.    Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

9.    Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

10.    Defendant EXPERIAN is a corporation conducting business in the State of California and is headquartered in Costa Mesa, California.

11.    Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

12.    Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

13.    Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation and is a "consumer reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

14.    Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

15.    Defendant, CHASE, is a nationally chartered bank doing business in the State of California, headquartered in New York City, and incorporated in Delaware.

16.    Defendant, CHASE, is a "person" as defined by 47 U.S.C. §153 (39).

17.    Further, Defendant CHASE is a "person" as defined by Cal. Civ. Code § 1785.3(j).

18.    At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

19.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

20.    Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

21.    This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

## Factual Allegations

22.    Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX, EXPERIAN and CHASE and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

3

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

23. CRAs, including EQUIFAX and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

24. On or about October 24, 2024, Plaintiff and CHASE settled an account ending in 5913 ("Account") for two thousand six hundred five dollars ($2,605.00).

25. Plaintiff made consecutive payments pursuant to the agreement totaling two thousand six hundred five dollars ($2,605.00) with a final payment of $651 on January 21, 2025, and thereby satisfied the settlement terms.

Facts Relevant to EQUIFAX

26. On October 28, 2025, Plaintiff received a copy of his credit report from EQUIFAX.

27. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant CHASE reported inaccurate information regarding the Account to the CRAs, including EQUIFAX.

28. Specifically, EQUIFAX reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and CHASE agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

29. Further, EQUIFAX and CHASE failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EQUIFAX reported the Account with an inaccurate status of having a balance owed and with a balance being owed of three thousand fifty dollars ($3,050.00).

30. EQUIFAX' failure to report the Account accurately, the failure to report the agreement between Plaintiff and CHASE, and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

31. On October 30, 2025, Plaintiff issued a dispute to EQUIFAX regarding the inaccurate information being reported on the Account.

4
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

32. Specifically, Plaintiff disputed the inaccurate entry in his credit report that the Account was in having a balance owed status and that any balance was owed on the Account.

33. Further, Plaintiff included proof of the settlement and payments to CHASE with his dispute letter.

34. His dispute was received on or about November 3, 2025.

35. EQUIFAX was required under the FCRA to notify CHASE of Plaintiff's dispute within 5 days of receipt of Plaintiff's dispute letter to allow CHASE an opportunity to investigate Plaintiff's dispute and its reporting of the Account to EQUIFAX.

36. Upon information and belief, EQUIFAX notified CHASE of Plaintiff's dispute.

37. However, despite having received the letter and accompanying proof of payments, EQUIFAX continued to report the Account as having an outstanding balance of $3,050.00.

38. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

Facts Relevant to EXPERIAN

39. On October 28, 2025, Plaintiff received a copy of his credit report from EXPERIAN.

40. To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant CHASE reported inaccurate information regarding the Account to the CRAs, including EXPERIAN.

41. Specifically, EXPERIAN reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and CHASE agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

42. Further, EXPERIAN and CHASE failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EXPERIAN reported the Account with an

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

inaccurate status of having a balance owed and with a balance being owed of three thousand fifty ($3,050.00).

43.    EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and CHASE and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

44.    On October 30, 2025, Plaintiff issued a dispute to EXPERIAN regarding the inaccurate information being reported on the Account.

45.    Specifically, Plaintiff disputed the inaccurate entry in his credit report that the Account was in a having a balance owed status and that any balance was owed on the Account.

46.    Further, Plaintiff included proof of the settlement and payments to CHASE with his dispute letter.

47.    His dispute was received on or about November 3, 2025.

48.    EXPERIAN was required under the FCRA to notify CHASE of Plaintiff's dispute within 5 days of receipt of Plaintiff's dispute letter to allow CHASE an opportunity to investigate Plaintiff's dispute and its reporting of the Account to EXPERIAN.

49.    Upon information and belief, EXPERIAN notified CHASE of Plaintiff's dispute.

50.    However, despite having received the letter and accompanying proof of payments, EXPERIAN continued to report the Account as having an outstanding balance of $3,050.00.

51.    The aforementioned information reported by EQUIFAX and EXPERIAN regarding the Account with CHASE is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and CHASE.

52.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX and EXPERIAN are required to follow reasonable

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

53.    As of December 18, 2025, all defendants continue to report the Account inaccurately, reporting a pay status with a balance owed of $3,050.00.

54.    If EQUIFAX, EXPERIAN, and CHASE would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

55.    As a result of this conduct, action, and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

56.    Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

### COUNT I – EQUIFAX

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

57.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

58.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

59.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

60.    As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

61. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

62. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II– EQUIFAX

## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

64. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-63.

65. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

66. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

67. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

69. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

70. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

## Violation of Cal. Civ. Code § 1785.16

71. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-70.

72. Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, EQUIFAX had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

73. Further, EQUIFAX had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

74. Had EQUIFAX considered Plaintiff's proof that the Account had been settled and paid off, EQUIFAX would not have republished the incorrect information regarding the Account.

75. EQUIFAX'S failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT IV – EQUIFAX

## Violation of Cal. Civ. Code § 1785.14

76. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-75.

77. Among these obligations, Cal. Civ. Code § 1785.14 requires CRAs such as EQUIFAX to maintain reasonable procedures to ensure the maximum possible accuracy of information about the consumer to whom the information relates.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

78.     EQUIFAX has failed to maintain reasonable procedures pursuant to this section as the natural result of any reasonable procedures would have led to EQUIFAX either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

79.     EQUIFAX'S failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report  was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT V – EXPERIAN

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

80.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-79.

81.     After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

82.     EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

83.     As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

84.     EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

85.    In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

86.    Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EXPERIAN

## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

87.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-86.

88.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

89.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

90.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

91.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

92.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

93.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT VII – EXPERIAN

## Violation of Cal. Civ. Code § 1785.16

94.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-93.

95.    Pursuant to its duties under Cal. Civ. Code § 1785.16, among other things, EXPERIAN had a duty to reinvestigate its reporting of the Account within 30 days of receipt of Plaintiff's dispute letter.

96.    Further, EXPERIAN had an obligation to consider the additional paperwork Plaintiff included with the dispute letter.

97.    Had EXPERIAN considered Plaintiff's proof that the Account had been settled and paid off, EXPERIAN would not have republished the incorrect information regarding the Account.

98.    EXPERIAN'S failure to consider the information provided by Plaintiff was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT VIII – EXPERIAN

## Violation of Cal. Civ. Code § 1785.14

99.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth at Paragraphs 1-98.

100.    Among other obligations, Cal. Civ. Code § 1785.14 requires CRAs such as EXPERIAN to maintain reasonable procedures to ensure the maximum possible accuracy of information about the consumer to whom the information relates.

101.    EXPERIAN has failed to maintain reasonable procedures pursuant to this section as the natural result of any reasonable procedures would have led to EXPERIAN

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

either deleting the Account from Plaintiff's credit report or, at the least, updating the Account to reflect an accurate status and balance.

102.    EXPERIAN'S failure to maintain reasonable procedures to insure maximum accuracy of Plaintiff's credit report  was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

## COUNT IX– CHASE BANK

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

103.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-102.

104.    After receiving Plaintiff's dispute, CHASE failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

105.    CHASE violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to EQUIFAX, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CHASE's representations to the CRAs.

106.    As a result of this conduct, action, and inaction of CHASE, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

107.    CHASE's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

108. In the alternative, CHASE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

109. Plaintiff is entitled to recover costs and attorneys' fees from CHASE, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT X – CHASE BANK

## Violation of Cal. Civ. Code § 1785.25(a)

110. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth at Paragraphs 1-109.

111. Pursuant to its duties under Cal. Civ. Code § 1785.25, among other things, CHASE disseminated information regarding the Plaintiff to the three CRA Defendants that it knew or should have known was inaccurate.

112. CHASE's furnishing of inaccurate information was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages, and harm to Plaintiff that are outlined herein and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and the costs of litigation, as well as such relief as may be permitted by law.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and Cal. Civ. Code § 1785 *et seq* and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) Statutory damages of up to $5,000 for each individual negligent violation of Cal. Civ. Code § 1785, et seq., pursuant to Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

14

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

d) Statutory damages of up to $5,000 for each individual willful violation of Cal. Civ. Code § 1785, et seq., pursuant to Cal. Civ. Code §§ 1785.31(a)(2)(A)-(C);

e) Punitive damages and equitable relief including, but not limited to, enjoining Defendant from further violations Cal. Civ. Code § 1785, et seq., pursuant to Cal. Civ. Code § 1785.31(b);

f) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

g) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,
William R. Mitchell, Inc.

Dated: February 10, 2026              By: _/s/ William R. Mitchell_
                                      William R. Mitchell
                                      Attorney for Plaintiff, ERNEST
                                      ESCALANTE

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL